IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-34-BO

| | |
|---|---|
| JERRY COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the matters before the undersigned on December 15, 2016, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Administrative Law Judge is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed for SSI on March 15, 2012, alleging disability since February 28, 2012. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's seizure disorder, dysthymic disorder, and cognitive disorder/borderline intellectual functioning were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform medium work with exertional and non-exertional limitations. Specifically, the ALJ found that plaintiff must avoid hazards, was limited to simple, routine, repetitive tasks, and must avoid production work or similar fast-paced work with deadlines and quotas. The ALJ found that plaintiff could not return to his past relevant work as an insulation installer, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that
3

Case 5:16-cv-00034-BO   Document 29   Filed 01/23/17   Page 3 of 5

plaintiff could perform, including cleaner, hand packager, and laundry worker. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, May 23, 2014.

In *Mascio v. Colvin*, the court of appeals held that

> an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir.2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

780 F.3d 632, 638 (4th Cir. 2015). Here, the ALJ found plaintiff to have moderate difficulties with concentration, persistence, and pace. Tr. 17. However, the RFC formulated by the ALJ, while it does address plaintiff's limitations in regard to pace, does not account for plaintiff's difficulties with persistence or concentration. *See e.g. Scruggs v. Colvin*, No. 3:14-CV-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (limitation to simple, routine, repetitive tasks in non-production environment, without more, does not sufficiently address claimant's difficulties with concentration, persistence, and pace). The ALJ's limitation is further unsupported in light of his applying great weight to the opinion of Dr. Vergolias, Tr. 22, who opined that plaintiff may have difficulty with sustained attention and recall of directions and found that plaintiff had significant difficulty with numerical sequencing tasks. Tr. 813-14. As noted in *Mascio*, whether a claimant can stay on task is a different inquiry from whether a claimant can perform simple tasks. Because the ALJ failed to account for plaintiff's limitations in these areas or explain why limitation beyond simple, routine, repetitive tasks in a low-pace environment was not necessary, remand is appropriate.

On remand the ALJ should further provide an explanation of the consideration he has given to the favorable North Carolina Department of Health and Human Services Medicaid

4

decision. *See Baughman v. Colvin*, No. 5:13-CV-143-FL, 2014 WL 3345030, at *7 (E.D.N.C. July 8, 2014) (cursory dismissal of Medicaid decision as not binding fails to satisfy explanation requirement of SSR 06-03p).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __21__ day of January, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE